UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------X
RDB ENTERPRISES, LLC.,           :
                                 :   Civ. Action No. 2:09-cv-3700 (JLL/CCC)
              Plaintiff,         :
                                 :
        -against-                :   **COMPLAINT**
                                 :
BP PRODUCTS NORTH AMERICA,       :
INC., and TOLTUR INC.,           :
                                 :
              Defendants.        :
---------------------------------X

Plaintiff, RDB ENTERPRISES, LLC., by its attorneys, JOSHUA ANNENBERG, ESQ., Local Counsel, and BORIS KOGAN & ASSOCIATES, P.C. as and for their Verified Complaint, respectfully allege:

## THE PARTIES

1.   Plaintiff, RDB ENTERPRISES, LLC. (the "Plaintiff") is a limited liability company duly organized under the laws of the State of New Jersey, with offices and a principal place of business in the Jersey City, New Jersey.

2.   Plaintiff owns and operates a gasoline station located at 808 Communipaw Avenue, Jersey City, NJ 07304 (the "Gas Station"), and is a franchisee pursuant to a Dealer Supply Agreement dated January 14, 2008 with Defendant BP PRODUCTS NORTH AMERICA, INC. (the "Franchise Agreement").

3.   BP PRODUCTS NORTH AMERICA, INC. (the "Defendant" or "BP") is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business at 28100 Torch Parkway, Warrenville, IL 60555.

4. BP is engaged in the marketing and distribution of petroleum products and gasoline, and is the franchisor pursuant to the Franchise Agreement with Plaintiff.

5. TOLTUR INC. (the "Landlord") is a corporation organized and existing under the laws of the State of New Jersey with offices and a principal place of business at 816 Communipaw Avenue, Jersey City, NJ 07304.

6. TOLTUR INC. is the landlord of the Plaintiff pursuant to a lease agreement dated February 1, 2008, which is subject to certain terms, conditions and restrictions contained in a deed to the premises dated January 26, 2007 from BP to TOLTUR INC..

7. No claims are made against TOLTUR INC. and it is only named as a defendant since it is an interested party.

## JURISDICTION AND VENUE

8. Plaintiff seeks damages and injunctive relief under the Petroleum Marketing Practices Act ("PMPA") 15 U.S.C. §2801 et seq., declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and for breach of contract.

9. This Court has jurisdiction over this action pursuant to 15 U.S.C. §2801 et seq., and principles of pendent and or ancillary jurisdiction.

10. Venue is proper in this District pursuant to 15 U.S.C. §2801 and pursuant to 28 U.S.C. §1391(b), in that the claims and causes of action alleged herein arose in this District.

## **THE FRANCHISE AGREEMENT**

11. On or about January 31, 2008 Plaintiff purchased the Gas Station for a purchase price of $250,000.00.

12. As a prerequisite to the transaction, Plaintiff executed the Franchise Agreement dated January 14, 2008 with BP. A copy of the Franchise Agreement is attached hereto as Exhibit 1, and incorporated herein by reference.

13. Pursuant to the Franchise Agreement BP agreed to supply BP-Branded gasoline and petroleum products to Plaintiff's station.

14. The Franchise Agreement had a term of five years after which they could be renewed by BP for four additional five-year terms for a total of 25 years.

15. At the commencement of the term of the Franchise Agreement, Plaintiff was required to, and in fact did, deposit with Defendant the sum of $40,000.00 as and for a security deposit.

16. Since early June 2009 Plaintiff has been actively negotiating the sale of the Gas Station to a prospective purchaser who is a BP independent distributor, or "jobber."

17. Upon information and belief, BP is aware of the impending sale because of inquiries made by the prospective purchaser.

18. On or about Monday, July 20, 2009 by letter of even date, a copy of which is attached hereto as Exhibit 2, and is incorporated herein by reference, Defendant notified Plaintiff that it has decided to terminate Plaintiff's franchise as of by 5:00 p.m. on Monday, July 27, 2009 (the "Termination Notice").

19. BP's pretext for termination of the Franchise Agreement is the allegation that "BP believes you are selling non-BP gasoline to the public as BP-branded product."

20. As the basis for the Termination Notice, BP vaguely alleges that an "insufficient" quantity of BP marker was purportedly found during a test on July 1, 2009.

21. Without further inquiry BP concludes that the length of time between orders of product from July 2 to July 17, allegedly supports the conclusion that Plaintiff was been misbranding gasoline.

22. BP's Termination Notice does recite the fact that before July 2, the previous order was made on June 20, and that the length of time reflects nothing more than the economic reality of the demand for BP brand gasoline at the given prices at the particular location of the Gas Station.

23. Additionally, BP claims that an additional credit card machine was installed that does not accept BP cards, while nothing in the Franchise Agreement or in PMPA authorizes termination based on the foregoing allegation.

24. Defendant's refusal to return the security deposit cause Plaintiff economic injury.

25. The Notice of Termination is defective in that, among other things, it fails to provide sufficient notice of the alleged basis of termination and is untimely pursuant to 15 U.S.C.A. §2804.

26. Defendant's termination of the Franchise Agreement on the

eve of the contemplated sale is pretextual and unlawful, and as a result Plaintiff is threatened with forfeiture of its entire business and of a 25 year lease which requires that the Gas Station be operated as a BP franchise.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE PETROLEUM MARKETING PRACTICES ACT
### 15 U.S.C. §2801 *et seq.*

27. The allegations of Paragraphs 1 through 25 are repeated.

28. Defendant's conduct, in terminating Plaintiff's franchise and franchise relationship was unlawful and not in compliance with the applicable provisions of PMPA.

29. Defendant's conduct, in wrongfully terminating Plaintiff's franchise and franchise relationship was willful, intentional, and unreasonable.

30. By reason of the foregoing conduct of the Defendant, Plaintiff has suffered damages in an amount not yet ascertained.

31. Unless enjoined by this Court, as requested below, Defendant will terminate Plaintiff's franchise and franchise relationship and Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

32. The allegations of Paragraphs 1 through 30 are repeated.

33. Plaintiff has complied with all material terms of the Franchise Agreement, including but not limited to, its purchase of BP branded gasoline and petroleum products.

34. Defendant's conduct, in terminating Plaintiff's franchise constitutes a willful and material breach of the Franchise Agreement.

35. By reason of the foregoing conduct of the Defendant, Plaintiff has suffered damages in an amount not yet ascertained, including incidental and consequential damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendant BP as follows:

a. Declaring that Defendant's termination of the Franchise Agreement with Plaintiff is unlawful under the PMPA;

b. Granting a preliminary and a permanent injunction against Defendant enjoining and restraining Defendant from terminating the Franchise Agreement with Plaintiff on the basis of the Notice of Termination dated July 20, 2009 and the allegations stated therein;

c. Awarding Plaintiff its reasonable attorneys fees as provided for in the PMPA, at 15 U.S.C. §2805(d)(3);

d. Awarding Plaintiff its costs and expenses for all expert witnesses;

e. Awarding damages in favor of Plaintiff and against Defendant in an amount to be ascertained at trial but believed to be in excess of $75,000.00;

f. Awarding Plaintiff exemplary damages as permitted by the PMPA; and

g. Granting such other and further relief, and equitable relief as may be just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury in this action.

Dated:   New York, New York
         July 27, 2009

>                                   _____
>                                   Joshua Annenberg, Esq.
>                                   *Local Counsel*
>                                   111 John Street, 8th Floor
>                                   New York, NY 10038
>                                   (212)962-6289
>                                   (212)406-3677 (fax)
>                                   tortsesq@aol.com


>                                   Boris Kogan & Associates, P.C.
>
> By:                               _____
>                                   Boris Kogan, Esq.
>                                   *Pro Hac Vice Application forthcoming*
>                                   277 Broadway, Suite 701
>                                   New York, NY 10007
>                                   (212)625-8910
>                                   (212)219-2728 (fax)
>                                   Bkoganesq@aol.com


>                                   Attorneys for Plaintiff